UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ROBERT C. MITCHELL, JR.** | : | |
| | : | |
| **v.** | : | **Civil Action No.:** |
| | : | |
| **CITIZENS SAVINGS BANK, Rhode Island Successor in interest to CITIZENS TRUST COMPANY, EDWRADS & ANGELL, LLP, SINCLAIR KENNEDY and CAROL A. COVELL** | : | CA 05 101ML |

**PETITION FOR REMOVAL**

Petitioner, Citizens Savings Bank, Rhode Island Successor in interest to Citizens Trust Company, respectfully shows the court:

1. The above-entitled action was commenced in the Providence County Superior Court of the State of Rhode Island in or about December of 2004, and is now pending in that court.

2. The above-mentioned action is a civil action regarding the administration of a trust.

3. Petitioner is one of four named defendants in the action.

4. The action is one of which the United States District Courts is given original jurisdiction by reason of the diversity of citizenship of the parties, as set forth in the Plaintiff's Complaint.

5. The amount in controversy in the action, exclusive of interest and costs, exceeds $75,000.00.

6. A copy of the Complaint was accepted as service by an agent of Petitioner on March 3, 2005.

7. Thirty days have not yet expired since the action became removable to this court.

9. Based on the Complaint, Plaintiff is a resident of the State of Florida and Defendant, Carol A. Covel is a resident of the State of New Hampshire.

10. Copies of all pleadings, process, and orders served on petitioner in this action are attached.

(2)

Wherefore, petitioner requests that the above-entitled action be removed from the Providence County Superior Court, State of Rhode Island, to the United States District Court for the District of Rhode Island.

**Defendant,**
**Citizens Savings Bank, Rhode Island successor to Citizens Trust Company**

**By its attorneys,**

Bernard A. Jackvony (RJW)

**Bernard A. Jackvony (#2302)**
**Richard J. Welch (#4497)**
**Moses Afonso Jackvony Ltd.**
**170 Westminster Street, Suite 201**
**Providence, RI 02903**
**Ph: (401) 453-3600**
**Fx: (401) 453-3604**

**March 3, 2005**

**Certification**

I hereby certify that I mailed a true copy of the within Petition to Armando Monaco, II, Esquire, P.O. Box 311, East Greenwich, Rhode Island 02818 on the 3rd day of March 2005.

Wpdata/Citizens/Rothfuss/Petion for Removal USDC

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ROBERT C. MITCHELL, JR. :

-vs- : C.A. No. PC 04-6861

CITIZENS SAVINGS BANK,
Rhode Island Successor in interest to
CITIZENS TRUST COMPANY,
EDWARDS & ANGELL, LLP
SINCLAIR KENNEY and CAROL A. COVELL

**COMPLAINT**

1. Plaintiff is a resident of the City of Kissimmee, State of Florida.

2. Defendant, Citizens Savings Bank, Rhode Island successor in trust to Citizens Trust Company, is a duly organized banking institution and trust company doing business in the State of Rhode Island.

3. Defendant, Edwards & Angell, LLP, is a law firm organized under the laws of the Commonwealth of Massachusetts and doing business in the State of Rhode Island.

4. Defendant, Sinclair Kenney, is a resident of the City of Warwick, County of Kent, State of Rhode Island.

5. Upon information and belief, defendant, Carol A. Covell, is a resident of the Town of Windham, State of New Hampshire.

6. That by Will dated December 5, 1967, defendant, Citizens Savings Bank, was named as testamentary trustee of the Will of Alfred E. Rothfuss.

7. That said Will provided that the trust was for the benefit of the daughter of Alfred E. Rothfuss namely, Sevilla Sinclair Rothfuss, for her life and upon her death, payable to her children.

8. That plaintiff is the natural child of Sevilla Sinclair Rothfuss born on

November 10, 1965.

9. That plaintiff was placed for adoption by Sevilla Sinclair Rothfuss on June 28, 1967.

10. That plaintiff has recently learned the identity of his natural mother, Sevilla Sinclair Rothfuss.

11. That plaintiff has recently learned that he was the beneficiary of the trust of Alfred E. Rothfuss.

**COUNT I**

12. Plaintiff realleges Paragraphs 1 through 11 as set forth above.

13. That defendant, Citizens Savings Bank, failed to adequately and diligently determine the rightful heirs of Alfred E. Rothfuss under the trust.

14. That as a result of defendant's failure to adequately and diligently determine the rightful heirs of Alfred E. Rothfuss, defendant, Citizens Savings Bank, wrongfully paid the assets of the Alfred E. Rothfuss trust to beneficiaries other than the rightful beneficiaries of the trust.

15. That the plaintiff is entitled to the assets of the Alfred E. Rothfuss trust as residual legatee.

12. That although defendant, Citizens Savings Bank, filed an Affidavit of Complete Administration on 10/7/87 relative to the estate of Alfred E. Rothfuss, said trust has not been completed administered pursuant to law and the provisions therein.

13. That plaintiff has made demand upon the defendant, Citizens Savings Bank, for payment pursuant to the provisions of the trust but that defendant has wrongfully refused to pay plaintiff his residuary share.

14. That the defendant, Citizens Savings Bank, breached its' fiduciary duty to properly administer the trust of the late Alfred E. Rothfuss.

15. That the defendant, Citizens Savings Bank, breached its' fiduciary duty by wrongfully paying the assets of the Alfred E. Rothfuss trust to beneficiaries other than the rightful beneficiaries of the trust.

16. That defendant, Citizens Savings Bank, has filed an Affidavit of Complete Administration on 10/7/87 relative to the administration of the estate of Alfred E. Rothfuss, said estate has not been completely administered pursuant to law and the provisions therein.

17. That plaintiff has made demand upon the defendant, Citizens Savings Bank, for payment pursuant to the provisions of the trust but the defendant has wrongfully refused to pay plaintiff his residuary share.

18. That the amount in controversy is sufficient to vest jurisdiction in this Honorable Court.

WHEREFORE, plaintiff prays as follows:

1. That defendant, Citizens Savings Bank, be ordered to pay to plaintiff the value of the assets in the Alfred E. Rothfuss trust as of the date of distribution together with any interest thereon and attorney's fees.

**COUNT II**

19. Plaintiff realleges Paragraphs 1 through 18 of Count I of plaintiff's complaint as if fully set forth herein.

20. That defendant, Edwards & Angell, LLP, was the legal counsel to the

defendant, Citizens Savings Bank, relative to the administration of the estate and trust of the late, Alfred E. Rothfuss.

21. That the defendant, Edwards & Angell, LLP, also was the attorney for the creation of the will of the late Alfred E. Rothfuss.

22. That the defendant, Edwards & Angell, LLP, did not adequately determine the rightful heirs of Alfred E. Rothfuss.

23. That by failing to determine the rightful heirs of Alfred E. Rothfuss, the defendant, Edwards & Angell, LLP, negligently advised Citizens Savings Bank relative to the distribution of the assets of said trust.

24. That the plaintiff is entitled to the assets of the Alfred E. Rothfuss trust as a residual legatee.

25. That plaintiff has made demand upon the defendant, Edwards & Angell, LLP, for payment pursuant to the provisions of the trust but that defendant has wrongfully refused to pay plaintiff his residuary share.

26. That the amount in controversy is sufficient to vest jurisdiction in this Honorable Court.

WHEREFORE, plaintiff prays as follows:

1. That defendant, Edwards & Angell, LLP, be ordered to pay to plaintiff the value of the assets in the Alfred E. Rothfuss trust as of the date of distribution together with any interest thereon and attorney's fees.

**COUNT III**

27. Plaintiff realleges Paragraphs 1 through 26 of Count I of plaintiff's complaint as if fully set forth herein.

28. Upon information and belief, defendant, Carol A. Covell, was aware of the existence of the plaintiff, Robert C. Mitchell, Jr.

29. Upon information and belief, defendant, Sinclair Kenney, was aware of the existence of the plaintiff, Robert C. Mitchell, Jr.

30. That in spite of the knowledge by the defendants, Sinclair Kenney and Carol A. Covell, of plaintiff's existence, defendants, Sinclair Kenney and Carol A. Covell, did not bring to the attention of the Trustee the existence of the plaintiff, Robert C. Mitchell, Jr.

31. That as a result of the nondisclosure by the defendants, Sinclair Kenney and Carol A. Covell, they deprived the plaintiff of his rightful share of the estate.

32. That as a result of their failure to disclose the existence, they have been unjustly enriched by receiving a share of the estate to which they were not entitled.

WHEREFORE, plaintiff prays as follows:

1. That defendants be ordered to account to the plaintiff for all of the assets that they received from the estate of Alfred E. Rothfuss.

2. That the defendants be ordered to pay to the plaintiff the value of said assets received to include interest on said funds from the date from receipt to the present.

3. That the plaintiff be awarded counsel fees in this matter and for any other relief that this Court deems meet and just.

ROBERT C. MITCHELL, JR.
By his attorney,

ARMANDO O. MONACO, II, ESQ. #0864
P.O. Box 311
East Greenwich, Rhode Island 02818
(401) 886-1160

Plaintiff hereby demands a trial by jury.

ARMANDO O. MONACO, II, ESQ. #0864
P.O. Box 311
East Greenwich, Rhode Island 02818
(401) 886-1160

Dated: December 27, 2004

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. PC 04-6861

ROBERT C. MITCHELL, JR.
**Plaintiff**

CITIZENS SAVINGS BANK, Rhode Island Successor in interest to CITIZENS TRUST COMPANY, EDWARDS & ANGELL, LLP SINCLAIR KENNEY and CAROL A. COVELL
**Defendant**

***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Armando O. Monaco, II Plaintiff's attorney, whose address is P.O. Box 311 East Greenwich, RI 02818 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: January 11, 2005

**(Seal of the Superior Court)**

**S- 135** (REV. 10/00)