UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT C. MITCHELL, JR. | : | |
| | : | |
| -vs- | : | C.A. No. 05-101ML |
| | : | |
| CITIZENS SAVINGS BANK, Rhode Island Successor in interest to CITIZENS TRUST COMPANY, EDWARDS & ANGELL, LLP, SINCLAIR KENNEY and CAROL A. COVELL | : | |

**MOTION TO REMAND**

Plaintiff, by his undersigned attorney, moves this Court for an order remanding the case to Superior Court for the State of Rhode Island on the grounds the above-entitled action was improperly removed hereto and it not within the jurisdiction of this Court in that all the defendants named in plaintiff's complaint and properly served in this action did not join in the petition for removal. In support of his motion, plaintiff will respectfully show:

1. That Citizens Savings Bank, a corporation, was named as a co-defendant in this action and was properly and lawfully served pursuant to applicable provisions of the laws of the State of Rhode Island.

2. The claims alleged by plaintiff in the above-entitled action against the four defendants named herein are not separate and independent claims or causes of actions and the plaintiff does not plead separate or independent claims or causes of actions against such defendants and defendant, Citizens Savings Bank, has not so alleged in its petition for removal.

3. Co-defendant, Edwards & Angell, LLP, subjected itself to the jurisdiction of

3

the Rhode Island Superior Court and thereafter waived its rights to join in the removal of this action to this Court by requesting from plaintiff an extension of time in which to file its Answer in such Court, which request was granted by plaintiff.

4. Even if co-defendant, Edwards & Angell, LLP, did not waive its right to removal of this petition hereto, it has chosen not to join in the petition for removal filed by defendant, Citizens Savings Bank, despite specific and expressed request to do so on the part of defendant.

5. Further, the petition of defendant, Citizens Savings Bank, fails to allege any reason why co-defendant, Edwards & Angell, LLP, named herein refused and failed to join in the petition for removal of the above-entitled action to this Court.

6. In any event, the time in which co-defendant, Edwards & Angell, LLP, and the other defendants could have filed and joined in the petition for removal of the above-entitled action to this Court has expired.

ROBERT C. MITCHELL, JR.
By his attorney,

ARMANDO O. MONACO, II, ESQUIRE #0864
P.O. Box 311
East Greenwich, Rhode Island 02818

I hereby certify that on the 1st day of ~~March~~ April, 2005, I mailed a copy of the within to Bernard A. Jackvony, Esquire, 170 Westminster Street, Suite 201, Providence, RI 02903, Samuel D. Zurier, Esquire, 10 Weybosset Street, Providence, RI 02903, Deming E. Sherman, Esquire, 2800 Financial Plaza, Providence, RI 02903.

FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT C. MITCHELL, JR. | : | |
| | : | |
| -vs- | : | C.A. No. 05-101ML |
| | : | |
| CITIZENS SAVINGS BANK, Rhode Island Successor in interest to CITIZENS TRUST COMPANY, EDWARDS & ANGELL, LLP, SINCLAIR KENNEY and CAROL A. COVELL | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

Removal of an action from a state court to federal court based on diversity of citizenship when it involves multiple defendants requires that all defendants must join in the removal petition. 28 U.S.C.A. §1446(b). Further, this district court in the case of Sansone v. Morton Machine Works, Inc., 188 F.Supp.2d 182 (2002) the court granted plaintiff's motion to remand the case due to the failure of the removal petition to include all of the defendants within the thirty day time limit as prescribed by 28 U.S.C.A. §1446(b) which states as follows:

> "The notice of removal of a civil action or proceeding shall be filed within days after the receipt by the defendant, through service of otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has *184 then been filed in court and is not required to be served on the defendant, whichever period is shorter."

The Court further went on to state at Page 184:

> "[1][2] In a multi-defendant case, all defendants must 'join' in the removal petition. Gableman v. Peoria, D. & E. Ry. Co., 179 U.S. 335, 337, 21 S.Ct. 171, 45 L.Ed. 220 (1900), Chicago R.L. & P. Ry. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). One of the purposes of this "rule of

unanimity" is to prevent the defendants from gaining an unfair tactical advantage by splitting the litigation and requiring the plaintiff to pursue the case in two for a simultaneously, thereby creating needless duplication of effort and additional expense." See Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988). Other purposes are to eliminate the risk of inconsistent state And federal adjudications, and to prevent one defendant from imposing his choice of forum upon other unwilling defendants and an unwilling plaintiff. Spillers v. Tillman, 959 F.Supp. 364, 369 (S.D. Miss.1997).

[3][4] The "rule of unanimity" does not require that all defendants actually sign the petition. It requires only that all defendants consent to removal. Hill v. Phillips, Barratt, Kaiser Engineering Ltd., 555 F.Supp. 944, 945 (D.Me.1984); Ogletree v. Barnes, 851 F.Supp. 184, 186 (E.D.Pa. 1994). However, that consent must be manifested clearly and unambiguously to the Court within the statutorily prescribed thirty days. Henderson v. Holmes, 920 F.Supp. 1184, 1187 (D.Kan.1996) ("Each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period."); Production Stamping Corp. v. Maryland Gas. Co., 829 F.Supp. 1074, 1076-1077 (D.Wis.1993); Landman v. Borough of Bristol, 896 F.Supp. 406, 409 (D.C.Pa. 1995); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp. 553, 558 (D.W.Va. 1997). Failure to do so constitutes a "defect in removal procedure" and is grounds for remand. F.D.I.C. v. Loyd, 955 F.2d 316, 320 (5th Cir. 1992).

It is clear from the court docket that there has not been unanimous consent by all the defendants nor has there been some writing so as to construe consent by all the defendants in this matter. Therefore, plaintiff's motion to remand respectfully should be granted.

Respectfully submitted,
ROBERT C. MITCHELL, JR.
By his attorney,

ARMANDO O. MONACO, II, ESQ. #0864
P.O. Box 311
East Greenwich, Rhode Island 02818