# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. PC 04-6861

ROBERT C. MITCHELL, JR.
**Plaintiff**

CITIZENS SAVINGS BANK, Rhode Island Successor in interest to CITIZENS TRUST COMPANY, EDWARDS & ANGELL, LLP SINCLAIR KENNEY and CAROL A. COVELL
**Defendant**

## *Summons*

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Armando O. Monaco, II Plaintiff's attorney, whose address is P.O. Box 311 East Greenwich, RI 02818 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

H. S. Kinch, Jr.
CLERK

Dated: January 11, 2005

**(Seal of the Superior Court)**

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 MAR -4 A 10:44

S- 135 (REV. 10/00)

4

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

**ROBERT C. MITCHELL, JR.** :
:
**v.** :
:
**CITIZENS SAVINGS BANK, Rhode Island Successor in interest to CITIZENS TRUST COMPANY, EDWRADS & ANGELL, LLP, SINCLAIR KENNEDY and CAROL A. COVELL** :

**Civil Action No.: PC 04-6861**

# ANSWER

Defendant, Citizens Savings Bank, Rhode Island Successor in interest to Citizens Trust Company ("Citizens") answers the numbered paragraphs of Plaintiff's Complaint as follows:

1. Citizens is without sufficient information or knowledge to admit or deny the allegations in Paragraph No. 1 and leaves Plaintiff to his proof.

2. The allegations in Paragraph No. 2 contain certain inaccurate legal conclusions and such conclusions are denied. Citizens does acknowledge that Citizens Savings Bank is a successor to Citizens Trust Company and that Citizens does business in Rhode Island.

3. Citizens is without sufficient information or knowledge to admit or deny the allegations in Paragraph No. 3 and leaves Plaintiff to his proof.

4. Citizens is without sufficient information or knowledge to admit or deny the allegations in Paragraph No. 4 and leaves Plaintiff to his proof.

5. Citizens is without sufficient information or knowledge to admit or deny the allegations in Paragraph No. 5 and leaves Plaintiff to his proof.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 MAR -4 A 10: 44

6. To the extent that the allegations in Paragraph No. 6 differ from those set forth in that Will dated December 5, 1967, such allegations are denied.

7. To the extent that the allegations in Paragraph No. 7 differ from those set forth in that Will dated December 5, 1967, such allegations are denied.

8. Citizens is without sufficient information or knowledge to admit or deny the allegations in Paragraph No. 8 and leaves Plaintiff to his proof.

9. Citizens is without sufficient information or knowledge to admit or deny the allegations in Paragraph No. 9 and leaves Plaintiff to his proof.

10. Citizens is without sufficient information or knowledge to admit or deny the allegations in Paragraph No. 10 and leaves Plaintiff to his proof.

11. The allegations in Paragraph No. 11 contain legal conclusions requiring no responsive pleading from Citizens. To the extent that a responsive pleading may be required, such allegations are denied.

**COUNT I**

12. Citizens incorporates by reference its response to Paragraph Nos. 1-11 above herein.

13. Denied.

14. Denied.

15. Denied.

12.[16] Citizens admits filing an Affidavit; Citizens' denies the remaining allegations in Paragraph No. 12.[16].

13.[17] Citizens admits receipt of certain correspondence but denies the remaining allegations in Paragraph No, 13.[17].

14.[18]. Denied.

15.[19] Denied.

16.[20] Denied.

17.[21] Citizens admits receipt of certain correspondences but denies the remaining allegations in Paragraph 17.[21].

18.[22] Citizens is without sufficient information or knowledge to admit or deny the allegations in Paragraph No. 18.[22] and leaves Plaintiff to his proof.

Wherefore, Citizens Savings Bank, Rhode Island Successor in Interest to Citizens Trust Company demands that Count I of Plaintiff's Complaint be dismissed and that Citizens be awarded its costs and attorneys fees in defending Count I of Plaintiff's Complaint.

**COUNT II**

19. Citizens incorporates by reference its response to Paragraph Nos. 1-18.[22] above herein.

20.-26 The allegations in Count II, so called Paragraph Nos. 20-26, are not directed to Citizens and require no responsive pleading from Citizens. To the extent that a responsive pleading may be required from Citizens, such allegations are denied.

Wherefore, Citizens Savings Bank, Rhode Island Successor in Interest to Citizens Trust Company demands that Count II of Plaintiff's Complaint be dismissed and that Citizens be awarded its costs and attorneys fees in defending Count II of Plaintiff's Complaint.

**COUNT III**

27. Citizens incorporates by reference its response to Paragraph Nos. 1-18.[22] above of Count I and Paragraph Nos. 19-26 of Count II above herein.

28.-32. The allegations in Count III, so called Paragraphs 28-32, are not directed to Citizens and require no responsive pleading from Citizens. To the extent that a responsive pleading may be required from Citizens for the allegations in Count III, such allegations are denied.

Wherefore, Citizens Savings Bank, Rhode Island Successor in Interest to Citizens Trust Company demands that Count III of Plaintiff's Complaint be dismissed and that Citizens be awarded its costs and attorneys fees in defending Count III of Plaintiff's Complaint.

**Defendant,**
**Citizens Savings Bank, Rhode Island**
**Successor in Interest to**
**Citizens Trust Company**

**By its attorneys,**
Bernard A Jackvony (RJW)

**Bernard A. Jackvony (#2302)**
**Richard J. Welch (#4497)**
**MOSES AFONSO JACKVONY LTD.**
**170 Westminster Street, Suite 201**
**Providence, RI 02903**
**Ph: (401) 453-3600**
**Fx: (401) 453-3604**

**March 3, 2005**

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted in Counts I, II and III of the Complaint.

2. Citizens' pleads latches.

3. Citizens' pleads that the applicable statute of limitations has expired.

Wherefore, Citizens Savings Bank, Rhode Island Successor in Interest to Citizens Trust Company demands that Count I, II and III of Plaintiff's Complaint be dismissed and that Citizens be awarded its costs and attorneys fees in defending Count I, II and III of Plaintiff's Complaint.

**Defendant,**
**Citizens Savings Bank, Rhode Island**
**Successor in Interest to**
**Citizens Trust Company**

**By its attorneys,**
Bernard A Jackvony (RJW)

**Bernard A. Jackvony (#2302)**
**Richard J. Welch (#4497)**
**MOSES AFONSO JACKVONY LTD.**
**170 Westminster Street, Suite 201**
**Providence, RI 02903**
**Ph: (401) 453-3600**
**Fx: (401) 453-3604**

**March 3, 2005**

**Certification**

I hereby certify that I mailed a true copy of the within Answer to Armando Monaco, II, Esquire, P. O. Box 311, East Greenwich, Rhode Island 02818 on the 3rd day of March 2005.

Wpdata/citizens/rothfuss/answer

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

| | | |
|---|---|---|
| ROBERT C. MITCHELL, JR.<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS SAVINGS BANK, Rhode Island Successor in interest to CITIZENS TRUST COMPANY, EDWARDS & ANGELL, LLP, SINCLAIR KENNEY and CAROL A. COVELL<br><br>Defendants. | ) | Case No. PC04-6861 |

**DEFENDANT EDWARDS AND ANGELL, LLP'S ANSWER**

Pursuant to Rules 8 and 12 of the Rhode Island Superior Court Rules of Civil Procedure, Defendant Edwards & Angell, LLP ("Edwards & Angell"), answers the allegations contained in Plaintiff Robert C. Mitchell's ("Mitchell's") Complaint as follows:

1. Edwards & Angell lacks sufficient knowledge or information to admit the allegations contained in Paragraph 1, therefore, denied.

2. Edwards & Angell lacks sufficient knowledge or information to admit the allegations contained in Paragraph 2, therefore, denied.

3. Edwards & Angell admits the allegations in Paragraph 3.

4. Edwards & Angell lacks sufficient knowledge or information to admit the allegations contained in Paragraph 4, therefore, denied.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK

2005 MAR -4 P 4: 13

5. Edwards & Angell lacks sufficient knowledge or information to admit the allegations contained in Paragraph 5, therefore, denied.

6. Edwards & Angell admits the allegations in Paragraph 6.

7. Edwards & Angell admits the allegations in Paragraph 7.

8. Edwards & Angell admits the allegations in Paragraph 8.

9. Edwards & Angell admits the allegations in Paragraph 9.

10. Edwards & Angell denies the allegations contained in Paragraph 10.

11. Edwards & Angell denies the allegations contained in Paragraph 11.

## COUNT I

12. Edwards & Angell repeats its responses to the allegations contained in Paragraphs 1 through 11 as if fully set forth herein.

13. Edwards & Angell denies the allegations contained in Paragraph 13.

14. Edwards & Angell denies the allegations contained in Paragraph 14.

15. Edwards & Angell denies the allegations contained in Paragraph 15.

12A. Edwards & Angell lacks sufficient knowledge or information to admit that on October 7, 1987, Citizens Savings Bank ("Citizens") filed an Affidavit of Complete

Administration relating to the estate of Alfred E. Rothfuss, therefore, denied. Edwards & Angell denies the remaining allegations in Paragraph 12A.[1]

13A. Edwards & Angell admits that Mitchell has made a demand upon Citizens for payment pursuant to the trust. Edwards & Angell denies the remaining allegations in Paragraph 13A.[2]

14A. Edwards & Angell denies the allegations contained in Paragraph 14A.[3]

15A. Edwards & Angell denies the allegations contained in Paragraph 15A.[4]

16. Edwards & Angell lacks sufficient knowledge or information to admit that on October 7, 1987, Citizens Savings Bank ("Citizens") filed an Affidavit of Complete Administration relating to the estate of Alfred E. Rothfuss, therefore, denied. Edwards & Angell denies the remaining allegations in Paragraph 16.

17. Edwards & Angell admits that Mitchell has made a demand upon Citizens for payment pursuant to the trust. Edwards & Angell denies the remaining allegations in Paragraph 17.

18. Paragraph 18 contains conclusions of law, to which no response is required.

---

[1] The Complaint contains duplicate paragraph numbers. This constitutes Edwards & Angell's response to the second Paragraph 12 on page 2 of the Complaint, referenced herein as Paragraph 12A.

[2] The Complaint contains duplicate paragraph numbers. This constitutes Edwards & Angell's response to the second Paragraph 13 on page 2 of the Complaint, referenced herein as Paragraph 13A.

[3] The Complaint contains duplicate paragraph numbers. This constitutes Edwards & Angell's response to the second Paragraph 14, on page 3 of the Complaint, referenced herein as Paragraph 14A.

[4] The Complaint contains duplicate paragraph numbers. This constitutes Edwards & Angell's response to the second Paragraph 15, on page 3 of the Complaint, referenced herein as Paragraph 15A.

COUNT II

19. Edwards & Angell repeats its responses to the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20. Edwards & Angell admits the allegations in Paragraph 20.

21. Edwards & Angell admits the allegations in Paragraph 21

22. Edwards & Angell denies the allegations contained in Paragraph 22.

23. Edwards & Angell denies the allegations contained in Paragraph 23.

24. Edwards & Angell denies the allegations contained in Paragraph 24.

25. Edwards & Angell admits that Mitchell has made a demand on it. Edwards & Angell denies the remaining allegations contained in Paragraph 25.

26. Paragraph 26 contains conclusions of law, to which no response is required.

COUNT III

27. Edwards & Angell repeats its responses to the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28. Edwards & Angell lacks sufficient knowledge or information to admit the allegations contained in Paragraph 28, therefore, denied.

29. Edwards & Angell lacks sufficient knowledge or information to admit the allegations contained in Paragraph 29, therefore, denied.

30. Edwards & Angell admits that Mitchell's existence was not brought to its attention. Edwards & Angell lacks sufficient knowledge or information to admit the remaining allegations contained in Paragraph 30, therefore, denied.

31. Edwards & Angell admits that Sinclair Kenney and Carol Covell received a share of the estate. Edwards & Angell denies the allegation that they were not entitled to it. Edwards & Angell lacks sufficient knowledge or information to admit the remaining allegations contained in Paragraph 31, therefore, denied.

32. Edwards & Angell lacks sufficient knowledge or information to admit the allegations contained in Paragraph 32, therefore, denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Mitchell lacks standing to pursue the claims against Edwards & Angell.

### SECOND AFFIRMATIVE DEFENSE

Mitchell has brought his claims in an improper venue.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Edwards & Angell upon which the Court can grant relief.

### FOURTH AFFIRMATIVE DEFENSE

Mitchell's claims against Edwards & Angell are barred by the statute of limitations.

FIFTH AFFIRMATIVE DEFENSE

Mitchell's claims against Edwards & Angell fail for lack of privity.

SIXTH AFFIRMATIVE DEFENSE

The doctrine of laches bars Mitchell from recovering on his claims.

SEVENTH AFFIRMATIVE DEFENSE

Mitchell is estopped, in whole or in part, from recovering on his claims.

EIGHTH AFFIRMATIVE DEFENSE

Mitchell has waived, in whole or in part, his claims and recovery thereon.

WHEREFORE, Defendant Edwards & Angell respectfully requests that the Court:

(1) Dismiss with prejudice the Claims against Edwards & Angell;

(2) Enter judgment in favor of the defendant, Edwards & Angell;

(3) Award Edwards & Angell its costs and attorneys' fees; and

(4) Grant such further relief as the Court deems proper.

EDWARDS & ANGELL, LLP

By its attorneys,

Deming E. Sherman (#1138)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

OF COUNSEL:

Harold Hestnes (BBO#232700)
Beth E. Bookwalter (BBO#643425)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 (fax)

Dated: March 4, 2005

CERTIFICATE OF SERVICE

I, hereby certify that on this 4th day of March, 2005, I caused a true copy of the foregoing Answer to be mailed, postage prepaid, to:

Armando O. Monaco, II, Esq.
P.O. Box 311
East Greenwich, RI 02818

Bernard A. Jackvony, Esq.
Moses Afonso Jackvony Ltd.
170 Westminster Street - Suite 201
Providence, RI 02903

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

| | | |
|---|---|---|
| ROBERT C. MITCHELL, JR.<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS SAVINGS BANK, Rhode Island successor in interest to CITIZENS TRUST COMPANY, EDWARDS & ANGELL, LLP, SINCLAIR KENNEY and CAROL A. COVELL<br><br>Defendants. | ) | Case No. PC04-6861 |

STIPULATION

It is hereby stipulated and agreed that the time within which defendant Edwards & Angell, LLP, shall answer or otherwise respond to the Complaint is hereby extended to and including March 4, 2005.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 MAR -1 P 12: 40

Armando O. Monaco, II (#0864)
P.O. Box 311
East Greenwich, RI 02818
(401) 886-1160
(401) 886-1185 (fax)
Attorney for Plaintiff

Deming E. Sherman (#1138)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
Attorneys for Defendant
Edwards & Angell, LLP

Date: February 23, 2005.

FILED